## MARKHAM v. SOUTHERN CONSERVATORY OF MUSIC.

### (Filed May 13, 1902.)

TAXATION—*Education—Opera House—Acts 1901, Secs. 33, 36—Theaters.*

Under Revenue Act 1901, Chap. 9, Secs. 33 and 36, a musical conservatory, owning a hall in which it gives musical entertainments for the special benefit of its pupils and teachers, charging for admission thereto, is not liable for the opera-house tax therein provided.

ACTION by F. D. Markham, Sheriff, against the Southern Conservatory of Music, heard by Judge *Walter H. Neal,* at Chambers, in Durham, N. C., on January 22, 1902. From a judgment for the defendant, the plaintiff appealed.

*Robert D. Gilmer, Attorney-General,* and *Shepherd & Shepherd,* for the plaintiff.
*Guthrie & Guthrie,* for the defendant.

MONTGOMERY, J.   The object of this action was to hold the defendant, Southern Conservatory of Music, a duly incorporated institution, liable for the opera-house tax imposed by the Revenue Law of 1901, Schedule B, Section 33.   The institution was established for the musical training and instruction of students in all departments of the science, and power was given it to grant diplomas and issue such other certificates of merit as might be deemed advisable.   The defendant, acting under its charter, owns a building in Durham, in which there is a music-hall furnished with musical instruments of various kinds and other equipment, dormitories, etc., for the use of its teachers and pupils.   As an incident to the training and instruction of students, on occasions, distinguished specialists in the various departments of musical science are contracted with at an agreed and fixed price by the defendant to give, in its hall, entertainments in which their skill and proficiency in their special branches of musical culture are exhibited for the special benefit of the pupils and teachers, and incidentally for the pleasure of others, who are admitted by ticket.   It is also further agreed by the parties "that the aforesaid performances and entertainments are not given for profit, or with any expectation of making a profit out of them, but on the contrary the institution has lost, and expected to lose, money by them. But in order that the loss on such entertainments might not fall so heavily upon the institution, and in order that the teachers and pupils, and especially the pupils, might by paying a very small admission fee, get the valuable benefits to be derived from such performances and entertainments, the institution has allowed the public admission to such entertainments, and sold tickets to the public therefor, it being always

understood that such performances and entertainments were always given for the sole benefit of the educational objects connected with the institution, and if at any particular entertainment the receipts should exceed the disbursements for actual and incidental expenses, the surplus would go towards buying new music and music books, etc., for the use of the pupils of the institution.   His Honor below held, upon the case agreed, that the defendant was not liable for the tax, for the reason that under Section 36 of the same act it is provided that "all exhibitions or entertainments given for the sole benefit of religious, charitable or educational objects shall be exempt from taxation."

We see no error in the ruling.   Music may not be of divine inspiration, as many believe in their souls, and it may not be, as the great poet has said, that

> "The man that hath no *music* in himself,
> Nor is not moved with concord of sweet sounds
> Is fit for treasons, stratagems and spoils,"

yet the day has long past since it was denied a part in many of the educational systems of the age.   It may not be so necessary to the practical side of life as is a knowledge of the "three R's," but from the standpoint of æsthetics it is regarded as probably the most beautiful in its effects of all the works of nature or of art.

The purpose and object of the defendant institution, then, being educational at least, is it true that these entertainments are solely educational?   We think it can be so said without any stretching of the law.   It is agreed that they are held at a loss to the institution, and anticipated loss is counted on; that the admission price demanded of the pupil is very small, and that if in any case the receipts should exceed the disbursements for expenses, the surplus would go towards buying music and music-books for the pupils of the school.   We see no means by which the stockholders of the company can be finan-

cially benefitted by such entertainments. The advantages and benefits seem to be altogether with and for the pupils; and the pleasure enjoyed by others than pupils is merely incidental. The institution is a home concern; it is in good faith engaged in the teaching of music; it owns valuable real and personal estate used in connection with the school; it has a good number of pupils actually in attendance, and its stay in the community, as far as we can see, is permanent. There is nothing in the case as presented in the facts agreed on to warrant even a well-founded suspicion that the entertainments spoken of are given for other purposes than for the real benefit of the pupils of the institution.

No Error.